UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY HUMPHRIES,
    Plaintiff,

v.   Case No. 07-10805
    Honorable Patrick J. Duggan

ROAD COMMISSION FOR OAKLAND
COUNTY,
    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 8, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

Plaintiff filed this civil rights action against Defendant on February 23, 2007. On July 8, 2008, this Court entered an order granting a motion to dismiss filed by Defendant and dismissing Plaintiff's complaint with prejudice. Presently before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, the Court grants Plaintiff's motion.

**Background**

When he first initiated this lawsuit, Plaintiff was represented by counsel, Kevin Carlson of the law firm Pitt, McGehee, Mirer, Palmer & Rivers, P.C. On April 16, 2008, Mr. Carlson, on behalf of his law firm, moved to withdraw as Plaintiff's attorney, indicating that Plaintiff disagreed with counsel's strategy for handling the lawsuit and

expressed an interest in retaining a new attorney. On May 29, 2008, this Court conducted a hearing with respect to Plaintiff's counsel's motion and, on the same date, entered a stipulated order granting the motion.

In this May 29 order, the Court stayed the matter for thirty (30) days to provide Plaintiff the opportunity to retain new counsel. The Court further ordered Plaintiff, within thirty (30) days of the entry of the order, to "[h]ave his new counsel file a notice of appearance of counsel for Plaintiff; or . . . [f]ile a document with the Court setting forth his intention to represent himself in this matter and to proceed *pro se*." On July 7, 2008, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's apparent failure to comply with the Court's directives. The following day, this Court granted Defendant's motion and dismissed Plaintiff's complaint with prejudice.

On October 16, 2008, Scott Rooney of the law firm Morgan Meyers entered his appearance on behalf of Plaintiff and filed the pending motion for relief from judgment. In an affidavit submitted in support of the motion, Plaintiff states that he telephoned the clerk's office for the Court on July 3, 2008 and advised the clerk that he would be appearing *pro se* in this matter. (Doc. 29 ¶ 6.) Plaintiff further states that the clerk informed him that he already was listed as "*pro se*" on the docket and that no further action therefore would be necessary. (*Id.*) Also submitted in support of the motion is the docket sheet for this matter from the Court's electronic filing system, printed on July 14,

2008, which identifies Plaintiff as being *pro se*.[1] (Doc. 26 Ex. 4.)

## Applicable Standard

Rule 60(b) provides *inter alia* that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Sixth Circuit Court of Appeals has advised that "Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'" *Williams v. Meyer*, 346 F.3d 607, 613 (2003) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). The United States Supreme Court also has advised that "the determination [of what constitutes excusable neglect] is at bottom an equitable one" and that "all relevant circumstances surrounding the party's omission" should be considered. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1499 (1993).

## Analysis

As stated in the July 8, 2008 Order of Dismissal, this Court dismissed Plaintiff's complaint because it "received no communication from Plaintiff or any counsel on behalf of Plaintiff" within thirty days from May 29, 2008, as required in the Court's order of that date. However in light of Plaintiff's representations– i.e. that he telephoned the clerk's

---

[1] The docket automatically reflected Plaintiff as *pro se* as of July 2008 because the Court had entered the order granting Mr. Carlson's motion to withdraw and no attorney had entered his or her appearance on Plaintiff's behalf.

office shortly beyond the thirty-day deadline and was informed that the docket already identified him as appearing *pro se* and that no further action would be necessary– the Court finds Plaintiff's failure to comply with the May 29 order to be "excusable neglect" within the meaning of Rule 60(b)(1). Although not in writing as the Court's order directed, Plaintiff did contact the Court to indicate that he would be proceeding *pro se*. In most cases, that is all this Court would require of a party when that party's counsel withdraws. Further suggesting that it would be equitable to relieve Plaintiff of the dismissal order is the fact that the Court granted Defendant's motion to dismiss the day after it was filed, thus denying Plaintiff the opportunity to respond.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for relief from judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Court's May 29, 2008 order dismissing this matter with prejudice is **VACATED**;

**IT IS FURTHER ORDERED**, that a status conference is scheduled for January 27, 2009 at 2:15 p.m. to establish a new scheduling order in this matter.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Courtney Morgan, Esq.
Steven M. Potter, Esq.
Rick J. Patterson, Esq.