UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY HUMPHRIES,

    Plaintiff,

v.                                                Case No. 07-10805
                                                Honorable Patrick J. Duggan

ROAD COMMISSION FOR OAKLAND
COUNTY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 18, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Plaintiff Bobby Humphries filed this civil rights action against Defendant Road Commission for Oakland County ("RCOC") on February 23, 2007. In his First Amended Complaint, Mr. Humphries asserts race discrimination and retaliation claims under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act.[1] Presently before the Court is RCOC's motion for summary judgment pursuant to Federal Rule of Civil

---

[1] Specifically, Mr. Humphries alleges the following counts: (I) race discrimination for failing to promote him in 2006, in violation of 42 U.S.C. § 1981; (II) retaliation for filing the present lawsuit and an earlier race discrimination lawsuit in 2002, in violation of § 1981; (III) race discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act based on the failure to promote him in 2006; and (IV) retaliation in violation of the Elliott-Larsen Civil Rights Act.

Procedure 56(c). The motion has been fully briefed and, on November 13, 2009, this Court held a motion hearing.

RCOC seeks summary judgment with respect to Mr. Humphries' race discrimination claim in violation of federal and state law, arguing that Mr. Humphries cannot establish a prima facie case of discrimination.[2] Mr. Humphries did not respond to RCOC's arguments in his response brief and, at the motion hearing, his counsel indicated that Mr. Humphries is abandoning his discrimination claims. The Court therefore grants RCOC's motion for summary dismissal of these claims (Counts I and III).

Mr. Humphries also alleges in his First Amended Complaint that RCOC retaliated against him in violation of federal and state law after he filed a previous lawsuit in 2002 and this lawsuit in 2007. At the motion hearing, Mr. Humphries' counsel indicated that Mr. Humphries is no longer pursuing his retaliation claim based on the actions RCOC took after he filed his 2002 lawsuit. Mr. Humphries, however, still is pursuing his claim that RCOC retaliated against him following his filing of this lawsuit in 2007, which ultimately resulted in his termination.

As the Court indicated at the motion hearing, there is evidence that within four

---

[2] Absent direct evidence of discrimination or retaliation, the same burden-shifting standards governing Title VII claims apply to § 1981 claims and claims under the Elliott-Larsen Civil Rights Act. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001); *Sniecinski v. Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 133 n.6, 666 N.W.2d 186, 193 n.6 (2003). First, the plaintiff must establish a prima case of retaliation. *See Upshaw*, 576 F.3d at 584. Next, if the plaintiff succeeds, the defendant must articulate a legitimate, non-retaliatory reason for its adverse conduct. *Id*. The plaintiff must then show that the reasons offered by the employer were pretextual. *Id*.

months of Mr. Humphries' filing of this lawsuit, RCOC heightened its scrutiny of his performance, suddenly identifying various misdeeds within a two month period by an individual who had been an employee for more than 26 years and had consistently received exemplary reviews.  Further, Mr. Humphries has presented evidence from which a reasonable juror could conclude that RCOC did not honestly and reasonably believe that Mr. Humphries committed the infractions on which his termination was based or that the infractions justified termination. For these reasons, the Court finds a genuine issue of material fact with respect to whether RCOC retaliated against Mr. Humphries in violation of federal and state law.  As such, the Court denies RCOC's motion for summary judgment as to Mr. Humphries' retaliation claims (Counts II and IV).

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff's claims of discrimination under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act (Counts I and III), only, are **DISMISSED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Ryan A. McKindles, Esq.
Steven M. Potter, Esq.
Rick J. Patterson, Esq.